Oscar **BOLANOS–CHAVIRA,**
Petitioner,

v.

John **ASHCROFT, Attorney General,** Respondent.

No. 02–73465.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 21, 2004.

---

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Legal Offi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

cer, Office of the District Counsel, San Francisco, CA, Margaret Perry, Esq., Stephen J. Flynn, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM **

Oscar Bolanos–Chavira, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an immigration judge's removal order and denial of his application for cancellation of removal.

We lack jurisdiction to review the discretionary determination that Bolanos–Chavira failed to demonstrate the "exceptional and extremely unusual hardship" required for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir. 2003). We also lack jurisdiction to review whether the BIA improperly applied the streamlining regulation, 8 C.F.R. § 3.1(a)(7), to this appeal in which only the hardship element, a discretionary factor, is in dispute. *Falcon–Carriche v. Ashcroft,* 350 F.3d 845, 854 (9th Cir.2003).

Bolanos–Chavira's contention that the BIA erred by not remanding the case to the immigration judge in light of a change in the hardship standard announced in *In re Recinas,* 23 I & N Dec. 467, 2002 WL 31173154 (BIA 2002), does not raise a colorable due process challenge on the facts

---

** This disposition is not appropriate for publication and may not be cited to or by the

of this case. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity.").

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 749–50 (9th Cir.2004), Bolanos–Chavira's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED.**

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

